IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN WADE,

        Plaintiff,

v.

OREGON DEPARTMENT OF CORRECTIONS, an agency of the State of Oregon; ASHLEY ASTORGA; ANDREW BIEBER, KADLEC REGIONAL MEDICAL CENTER, a Washington nonprofit corporation,

        Defendants.

Case No. 2:21-cv-01086-JR

FINDINGS & RECOMMENDATION

RUSSO, Magistrate Judge:

    Defendants Kadlec Regional Medical Center and Andrew Bieber move to dismiss for lack of personal jurisdiction. ECF 13. For the following reasons, defendants' motion should be GRANTED.

## BACKGROUND

    Plaintiff sued Kadlec, Dr. Andrew Bieber, the Oregon Department of Corrections ("ODOC"), and Ashley Astorga in Multnomah County Circuit Court on May 18, 2021. Plaintiff's complaint alleges state law negligence claims against ODOC, Kadlec, and Dr. Bieber and federal law claims against Ms. Astorga. ECF 1-1 at 11-20. On July 22, 2021, defendants ODOC and Ms. Astorga removed the case to this Court. ECF 1.

    Kadlec is a Washington nonprofit corporation with its headquarters and principal place of business in the state of Washington. ECF 13-2 at 3-4; ECF 1-1 at 3. Dr. Bieber is a surgeon at

Page 1 – FINDINGS AND RECOMMENDATION

Kadlec who lives and works exclusively in Washington. ECF 13-1 at 2-3, ECF 1-1 at 4. Kadlec was registered as a foreign corporation with the Oregon Secretary of State at the time of the alleged negligent care underlying this case. ECF 13-2 at *5*. Kadlec operates four clinics in Oregon that do not conduct any care related to spinal surgery and did not provide any care to the plaintiff. *Id.* at 5. Kadlec's Oregon clinics constitute only a fraction of its total operations. *Id.* at 6. All care provided to plaintiff by Dr. Bieber, Kadlec, and any employees or agents of Kadlec took place in Washington including examinations, consultations, and surgery. *Id.* at 7-8, ECF 13-1 at 4-6. Specifically, the surgery giving rise to this lawsuit took place in Richland, Washington on February 19, 2019. ECF 13-1 at 5.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal on the grounds that the court lacks personal jurisdiction. Plaintiff has the burden of showing personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). To establish personal jurisdiction, a plaintiff must show that: 1) the forum state's long-arm statute confers personal jurisdiction over the out-of-state defendant, and 2) the exercise of jurisdiction does not violate federal constitutional principles of due process. *Gray & Co. v. Firstenberg Machinery Co.,* 913 F.2d 758, 760 (9th Cir.1990).

If the district court decides the motion without an evidentiary hearing, as here, then the plaintiff need only make prima facie showing of the jurisdictional facts. Absent an evidentiary hearing this court only inquires into whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction. Uncontroverted allegations in the plaintiff's complaint must be taken as true. Conflicts between the parties over statements in affidavits must be resolved in the plaintiff's favor. *Boschetto*, 539 F.3d at 1015. Plaintiff filed no affidavits in

opposition to defendants' motion, and does not contest defendants' factual assertions, so the Court assumes those assertions are true for purposes of this motion.

In diversity cases, the Court looks to the law of the state in which it sits to determine whether it has personal jurisdiction over the non-resident defendant. *W. Helicopters, Inc. v. Rogerson Aircraft Corp.*, 715 F. Supp. 1486, 1489 (D. Or. 1989); *see also Boschetto*, 539 F.3d at 1015 ("When no federal statute governs personal jurisdiction, the district court applies the law of the forum state."). Oregon Rule of Civil Procedure (ORCP) 4 governs personal jurisdiction in Oregon. Because Oregon's long-arm statute confers jurisdiction to the extent permitted by due process, *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (citing ORCP 4L; and *Oregon ex rel. Hydraulic Servocontrols Corp. v. Dale*, 294 Or. 381 (1982)), the Court may proceed directly to the federal due process analysis. *See Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (when state long-arm statute reaches as far as the Due Process Clause, the court need only analyze whether the exercise of jurisdiction complies with due process).

To comport with due process, "the nonresident generally must have 'certain minimum contacts [with the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). The forum state may exercise either general or specific jurisdiction over a non-resident defendant. *Boschetto*, 539 F.3d at 1016.

## DISCUSSION

Defendants argue this Court lacks personal jurisdiction because they are not "at home" in Oregon and plaintiff's claims do not arise out of any systematic contacts with Oregon such that the exercise of personal jurisdiction is "reasonable." Plaintiff has the burden of making a prima

facie showing of personal jurisdiction. *Boschetto*, 539 F.3d at 1015. Plaintiff does not meaningfully oppose defendant's motion, or challenge any of the facts in defendants' declarations, except to acknowledge that he cannot voluntarily dismiss claims against defendants Bieber and Kadlec because of Oregon's savings statute. *See* ECF 18 at 1. For the reasons below, plaintiff has failed to carry his burden demonstrating this Court has personal jurisdiction over these two defendants, therefore, the motion should be granted.

      **I.**      **The Court Lacks General Jurisdiction Over Defendants**

            1.   *The Court Lacks General Jurisdiction Over Defendant Bieber*

The Court should first find it lacks general jurisdiction over Dr. Bieber because he is domiciled in Washington, and did not perform significant activities in Oregon. A Court has general jurisdiction over an individual in the individual's state of domicile, ORCP 4 A (2), or when a corporate defendant's affiliations with the forum state "are so 'continuous and systematic' as to render the defendant 'essentially at home in the forum State.'" *Robinson v. Harley-Davidson Motor Co.,* 354 Or. 572,578,316 P.3d 287 (2013) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011)). Here, Dr. Bieber is domiciled in Washington as a Washington resident and citizen. ECF 1-1 at 4, ECF 13-1 at 3, 7. He is licensed to practice medicine in the state of Washington, and during the relevant time provided care to plaintiff only in Washington. *Id.* There is no evidence that Dr. Bieber marketed, advertised, solicited, or directed his medical services to the residents of Oregon, or to the state of Oregon. Because there is no evidence that Dr. Bieber is a resident of Oregon or engaged in "substantial" or "continuous and systematic general business contacts" that "approximate physical presence" in Oregon, this Court should therefore find it lacks general jurisdiction over Dr. Bieber.

## 2. The Court Lacks General Jurisdiction Over Defendant Kadlec

The Court should likewise find it lacks general jurisdiction over Kadlec. To be subject to general jurisdiction, a defendant corporation must be "at home" within the forum state. *Barret v. Union Pacific Railroad Co.,* 361 Or. 115, 119 (2017) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). This is typically only the case in the corporation's state of incorporation and the state where the corporate headquarters are located. *Id.* In rare cases a corporation's contacts with a state other than its state of incorporation or headquarters may be so significant that the corporation can also be considered at home there. *Id*.

This Court should find it does not have general jurisdiction over Kadlec because Kadlec is not at home in Oregon. Kadlec is incorporated and headquartered in Washington. ECF 1-1 at 3; ECF 13-2 at 3-4. Kadlec operates a few small clinics in Oregon, but the vast majority of its corporate activities occur in Washington. ECF 13-2 at 5-7. This small presence does not make Kadlec "at home" in Oregon but is just the kind of "business presence" that the Oregon Supreme Court addressed in *Barret* when it held that such presence does not expose a foreign corporation to Oregon's general jurisdiction. 361 Or. at 119. Nor does the plaintiff contest Kadlec's representations that it does not do significant work in Oregon. The Court should therefore find it lacks general jurisdiction over Kadlec.

## II. The Court Lacks Specific Jurisdiction Over Defendants

A court has specific jurisdiction where "the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks and citations omitted). The Ninth Circuit uses a three-part test to determine if a party has sufficient minimum contacts to be subject to specific personal jurisdiction:

Page 5 – FINDINGS AND RECOMMENDATION

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Schwarzenegger*, 374 F.3d at 802). The plaintiff bears the burden on the first two parts of the test. *Id.* If the plaintiff succeeds, "the burden shifts to the defendant to 'set forth a "compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* at 1212 (quoting *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011)).

The first prong necessary to establish specific jurisdiction can be satisfied in two ways: either the non-resident defendant must purposefully direct his activities at the forum state, or the defendant must purposefully avail himself of the privilege of conducting activities in the forum. *Picot*, 780 F.3d at 1212. Purposeful availment is most often applied to contract claims, while purposeful direction is most often applied to tort claims. *Id.* (citing *Schwarzenegger*, 374 F.3d at 802). Here, plaintiff brings only tort claims against defendants Kadlec and Bieber.

When evaluating whether a defendant has purposefully directed activities at the forum state, courts in the Ninth Circuit use the *Calder* effects test. *See Schwarzenegger,* 374 F.3d at 803. In *Calder*, the Supreme Court held that a foreign act must be both aimed at, and have effect in the forum state when expressly aimed at the forum. Specifically, "[a]n individual injured in California need not go to Florida to seek redress from persons who, though remaining in Florida, knowingly cause injury in California." *Calder v. Jones*, 465 U.S. 783, 789–90 (1984). The Ninth Circuit has indicated, however, that *Calder* does not stand for the broad proposition that a foreign act with effects that are foreseeable in the forum state always gives rise to specific

Page 6 – FINDINGS AND RECOMMENDATION


jurisdiction. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998); *see also Axiom Foods Inc. v. Acerchem International, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017) (While "individualized targeting ... remain[s] relevant to the minimum contacts inquiry, it will not, on its own, support an exercise of specific jurisdiction[.]"). Under the effects test, the plaintiff must show the defendant has: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803.

The Court should find it lacks specific jurisdiction over Dr. Bieber because plaintiff does not allege a claim that arises out of or connects to anything Dr. Bieber did in Oregon. To enjoy specific personal jurisdiction over an individual, a Court must find that individual purposely directed activities at the state, or availed him or herself of the protections of that state's laws. *See Picot*, 780 F.3d at 1211. Here, plaintiff does not allege that Dr. Bieber did anything in Oregon, and there are no facts in the record to suggest he directed any activities toward the state. The Court should therefore find it lacks specific jurisdiction over Dr. Bieber and grant Bieber's motion to dismiss.

The Court should also find it lacks specific jurisdiction over defendant Kadlec. Here, like in *Picot*, defendant Kadlec's alleged tortious conduct was not aimed at Oregon, and any injury plaintiff suffered in Oregon is insufficient, standing alone, for the Court to exercise jurisdiction over it. Under the second prong of the *Picot* test, the claim must "arise out of" or "relate to" the defendant's in-forum activities. *Picot,* 780 F.3d at 1211. Kadlec admits it has some connections to Oregon, but there is no allegation or fact in the record that connects plaintiff's claims to any of Kadlec's in-state activity; Kadlec's Oregon clinics are completely unrelated to plaintiff's condition and treatment. ECF 13-2 at 8, 10. Plaintiff was never examined in Kadlec's Oregon

Page 7 – FINDINGS AND RECOMMENDATION

clinics, no Kadlec personnel examined, diagnosed, or treated plaintiff in Oregon, and all Kadlec's contacts with plaintiff occurred in Washington. *Id.* at 8. Plaintiff's claims therefore do not arise out of Kadlec's connections to Oregon. The Court should therefore find it lacks specific jurisdiction over Kadlec and grant Kadlec's motion to dismiss.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss (ECF 13) should be granted, and the request for oral argument is denied as unnecessary.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 20th day of October, 2021.

                                                /s/ Jolie A. Russo
                                                    Jolie A. Russo
                                      United States Magistrate Judge